**Robert BRODY, dba King Blossom Natural; Charlotte Brody, dba King Blossom Natural, Plaintiffs–Appellants,**

v.

**WASHINGTON STATE DEPARTMENT OF AGRICULTURE, Defendant–Appellee,**

**and**

**Jim Jesernig, individually in his capacity as Director for the WSDA, Defendant.**

No. 03–35739.

D.C. No. CV–02–00230–AAM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided April 6, 2005.

Scott A. Volyn, Esq., Foreman, Arch, Dodge, Volyn & Zimmerman, Wenatchee, WA, for Plaintiffs–Appellants.

Holly A. Vance, Esq., Attorney General's Office, Spokane, WA; and Catherine Hendricks, Esq., AGWA—Office of the Washington Attorney General, Seattle, WA, for Defendant–Appellee.

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

Before B. FLETCHER and GOULD, Circuit Judges, and KING,\* District Judge.

## MEMORANDUM \*\*

Robert and Charlotte Brody, d/b/a King Blossom Natural, appeal the district court's summary judgment order finding that the administrative preclusion doctrine barred their complaint challenging the constitutionality of sections 16–461–010(e) and 16–403–142 of the Washington Administrative Code. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's determination that res judicata and collateral estoppel are available." *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir.1994). Our analysis is different but we fully agree with the district court's result. The final unreviewed administrative decision of the Washington State Department of Agriculture ("WSDA") rejecting Plaintiffs' claims precludes Plaintiffs' separate suit against the WSDA seeking damages and declaratory relief for constitutional violations. Plaintiffs had a full and fair opportunity to litigate constitutional claims within the administrative process or upon judicial review to Washington state courts. *See id.* at 1032–33 (reiterating that, as a matter of federal common law, preclusion of factual and legal determinations applies to unreviewed administrative decisions if the state proceeding satisfies the requirements of fairness outlined in *United States v. Utah Constr. &*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)). Washington state provides an administrative hearing procedure with judicial review for addressing statutory and constitutional challenges to administrative actions. The Plaintiffs began the process for challenging the WSDA's regulations but failed to pursue this procedure to the end. A timely petition for judicial review was not filed. *See* Wash. Rev.Code § 34.05.542(2) (2003). Thus, the Plaintiffs' federal claims are barred by the preclusion principles as provided in *Univ. of Tenn. v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

Applied here, administrative preclusion bars both (1) claims that were addressed by the WSDA (such as due process and estoppel) and (2) claims that were not raised in a petition for judicial review (such as a constitutional vagueness challenge). Even if constitutional challenges to agency provisions (and applications of agency provisions) could not have been raised at the administrative level, such challenges are allowed upon judicial review. *See* Wash. Rev.Code § 34.05.570(3)(a) (providing for judicial relief if "[t]he [agency] order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied"). An action on judicial review also could have asserted claims for damages and for declaratory relief. *See* Wash. Rev.Code § 34.05.510(1) (allowing actions for damages *and* declaratory relief, in contrast to litigation in which the *sole* issue is a claim for money damages); *see also* Wash. Rev.Code § 34.05.574(3) (allowing a court to "award damages, compensation, or ancillary relief only to the extent expressly authorized by another provision of law"—such as federal civil rights legisla-tion that allows damages, attorneys fees, or declaratory relief). Plaintiffs "cannot obstruct the preclusive use of the state administrative decision simply by foregoing [their] right to appeal [to state court]." *Wehrli v. County of Orange,* 175 F.3d 692, 694 (9th Cir.1999) (quoting *Plaine v. McCabe,* 797 F.2d 713, 719 n. 12 (9th Cir. 1986)).

AFFIRMED.